## HENRY WILLENBORG *et al.*

*v.*

## FRANKLIN S. MURPHY, ADM'R, ETC.

1. CHATTEL REAL — *when purchased by administrator, is assets.* Where an administrator has purchased a chattel real belonging to his intestate in his lifetime, and charged himself with the rents and profits thereof, and treated it as assets of the estate, he will not be allowed afterwards to claim it as his own property, but must account for it as assets.

2. ANSWER ON OATH — *when oath is waived, is but pleading.* When the oath to an answer is waived by the bill, an answer on oath is but a pleading, and does not require the testimony of two witnesses to overcome it. *Held,* that it was improper practice for a solicitor to put in an answer for his client under oath, where the oath is waived.

APPEAL from the Circuit Court of Macon county, the Hon. CHARLES EMERSON, Judge, presiding.

The main facts of this case are sufficiently stated in the opinion of the court.

Messrs. SMITH & LOWE, for the Appellants.

Messrs. GALLAGHER & LAKE, and Mr. H. CREA, for the Appellee.

Mr. JUSTICE BREESE delivered the opinion of the Court:

Several questions are presented by this record, the most important of which we propose to notice.

The bill was filed by appellee as administrator *de bonis non* of the estate of one J. B. West, of which appellant had been the administrator. The scope of the bill appears to be, to decree a certain leasehold interest in a lot in Decatur, held by appellant, to be assets of the estate of West, and that appellant be required to convey his interest in it, for the benefit of the heirs and creditors of the estate, claiming that it was real estate and subject to redemption, and that appellant had funds of the estate in his hands sufficient to redeem.

The appellant sets up in his answer, that the leasehold was personal property, and that he purchased it on his own account, from one Jones, who had purchased it under an execution against West in his lifetime, and had paid him four hundred dollars therefor, out of his own money obtained by mortgage, and that he had no funds of the estate in his hands with which to redeem the same, if it was subject to redemption.

It appears that in January, 1860, J. T. Jones became the purchaser, at sheriff's sale, of this estate, under an execution issued on a judgment in his favor against West, in 1858, and that the sheriff delivered to him a certificate of purchase therefor. Appellant, H. Willenborg, purchased the certificate of Jones, on the 4th of April, 1861, and took a deed, in his own name, for the property. Afterwards, H. Willenborg inventoried it as part of the estate, and charged himself, as administrator, with the rents and profits of the premises, amounting to six hundred dollars, which he received and appropriated to his own use.

On being removed from the charge of the estate, and on the appointment of appellee as administrator *de bonis non*, he agreed with such administrator to reconvey the estate for the benefit of West's creditors, but did not do so, but conveyed the same to his brother Frank, his co-appellant, and a resident of the State of Ohio. It also appears that after his purchase from Jones, H. Willenborg obtained from the guardian of the owners of the fee, an extension of the lease in his own name, but as administrator of West, and is so described therein.

We apprehend it is quite immaterial whether this leasehold is to be treated as real estate or as personal property, in the view we have taken of the case. It is apparent that H. Willenborg treated it, when he took an assignment of the certificate and a deed from the sheriff, and obtained an extension of the lease, as part of the estate of West, and as real estate, and purchased such extension in his character as administrator, and charged himself, as administrator, with the rents and profits. He has dealt with it and treated it as property of the estate, and he ought not to be permitted now to appropriate it to his individ-

22 — 36 ILL.

ual use.   It is a well established doctrine, that a party acting in a fiduciary character shall not be allowed to meddle and deal in things for his own profit, over which he has control by reason of such character.   If the leasehold estate was personal property, of which we have no doubt, it went to him as administrator, and he had the control of it, and was bound to dispose of it for the interests of the creditors and distributees of the estate, and not make a profit out of it for himself.   Such conduct as is here shown, by an administrator, should be rebuked, rather than encouraged by allowing him to profit by his improper conduct.   Justice and sound policy require that this freehold estate, or its proceeds, should go to the benefit of the creditors and distributees of West, and not to the single advantage of an unfaithful administrator.

We see nothing in the decree of the court objectionable.   H. Willenborg has received six hundred dollars as rent of this property, which more than covers the amount he paid for it and expenses, and leaving a balance against him of a sum which the court found to amount to seventy-five dollars.

As to the objection that the complainant was sworn and examined as a witness in the cause on behalf of the estate, it is sufficient to say, no objection was made to it on the hearing, and he was cross-examined by the appellant.

It will be observed, the bill waives the oath of the defendant to his answer, yet nowithstanding, the defendant put in a sworn answer, and claims the benefit of it, insisting that it must be overcome by the testimony of two witnesses.   This is absurd, and it is very improper practice for the solicitor of a defendant, in a case where the oath is waived, to put in an answer under oath, a practice that ought to be rebuked.   Waiving the oath, the answer becomes mere pleading, if put in under oath.   However "sharp" the practice might have been supposed to be, by no possibility can the defendant derive any advantage from it; the answer still remains mere pleading.   The testimony of the complainant was quite sufficient to establish the claim set up, and fully makes out the case stated in the bill.

The decree against Frank Willenborg, the other defendant,

is entirely correct, it being quite evident he was not a *bona fide* purchaser, but a mere cover for his brother Henry.

There being no error in the record, the decree must be affirmed.

*Decree affirmed.*